UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVIN RANKIN,**<br><br>Plaintiff<br><br>Versus<br><br>**MAINTENANCE DREDGING INC.,**<br><br>Defendant | **CASE NO.: 21-938**<br><br>**JUDGE:**<br><br>**MAG:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

      **NOW INTO COURT**, comes Plaintiff, Melvin Rankin, who respectfully submits this Complaint and avers the following:

### PARTIES

1. Plaintiff in this matter is Melvin Rankin who is of the age of majority and domiciliary of the State of Mississippi.

2. Defendant in this matter is Maintenance Dredging Inc., a Louisiana corporation domiciled in this Judicial District in the Parish of St. Charles, State of Louisiana.

### JURISDICTION AND VENUE

3. This court has jurisdiction over this proceeding under 28 U.S.C. § 1331, as Plaintiff's claims arise under the federal law. Additionally, the Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper in the Eastern District of Louisiana, as a substantial part of the events or omissions giving rise to the claim occurred in this District or otherwise in accordance with 28 U.S.C. § 1391.

## FACTS

4. Plaintiff began his employment with Defendant on or about December 2018 and was most recently employed as a Leadman/Supervisor.

5. In fact, Mr. Rankin was hired by MDI specifically for his skill set after MDI purchased Papa Joe. Mr. Rankin was the first dredge operator for Papa Joe under MDI's ownership.

6. Notably, Mr. Rankin was the only African American employee on the Papa Joe.

7. On or about May 24, 2019 while walking in another room, Plaintiff discovered two hangman nooses placed under his chair.

8. Importantly, Mr. Rankin, as the captain, was the only individual who stood in this specific area of the dredge, so it was clear that the nooses were intended for Mr. Rankin to see.

9. Upon seeing the nooses, Mr. Rankin sent a text message with a picture of the nooses to a supervisor, Justin Tassin. Mr. Tassin called Mr. Rankin and stated that he would handle the situation and place the employees who put the nooses on the dredge on another dredge (i.e. Mr. Tassin implied that he would remove them from working with Mr. Rankin). Mr. Tassin then arrived at the dredge. After Mr. Tassin met with the other employees, Mr. Tassin met with Mr. Rankin. He informed Mr. Rankin that the rope/knot was a not a noose and stated "They're just being knuckleheads."

10. Co-workers of Plaintiff admitted making the nooses.

11. Shortly thereafter, after a verbal exchange with a co-worker, one of those who created the nooses, Plaintiff found his tires slashed.

12. On another occasion, Plaintiff found that his hard hat had been spit into with chewing tobacco. Mr. Rankin was informed that because it was unclear who actually spit in the hat, there was nothing that could be done to remedy the situation. However, the spit in

Mr. Rankin's hat was that of chewing tobacco, so determining the actor in this situation would not have been difficult. In fact the individual who put the nooses in Mr. Rankin's work area in May of 2019 is the only individual who dips tobacco on the dredge.

13. Not only was Mr. Rankin exposed to the above specific discriminatory incidents, but he was also exposed to numerous instances in which coworkers called him and used the "n" word on a regular basis.

14. On or about August 22, 2019, Mr. Rankin received a phone call from the owner of MDI, Glen Smith, who asked him to come back to work. Mr. Smith stated, "We don't find many African Americans with your skill set." Mr. Rankin responded that he was concerned with his safety based on the discrimination he faced there, specifically stating, "You can't guarantee my safety and that someone won't push me in the river." Mr. Rankin also proceeded to inform Mr. Smith of all of the discriminatory acts that took place while he was employed. Mr. Smith offered no detailed response to Mr. Rankin's concerns. In sum, Mr. Rankin did not want to come back to work because of the way that he had been treated. Mr. Rankin experienced such discriminatory acts that he would often cry after leaving his shift and at home.

### FIRST CAUSE OF ACTION: TITLE VII DISCRIMINATION AND LOUISIANA EMPLOYMENT DISCRIMINATION LAW: HOSTILE WORK ENVIRONMENT AND CONSTRUCTIVE DISCHARGE

15. All foregoing allegations are incorporated herein by reference.

16. Title VII of the Civil Rights Act of 1964 and 1991 and Louisiana Employment Discrimination Law make it unlawful to discriminate against an individual on the basis of race. See 42 U.S.C. § 2000e-2(a); La. Rev. Stat. § 23:301, *et seq*.

17. Defendant is engaged in an industry affecting commerce and employs more than 15 or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year, and is therefore an "employer" for purposes of the Title VII. 42 U.S.C. § 2000e, *et seq*.

18. Plaintiff was an employee for purposes of Title VII and was discriminated against because of his race—African American.

19. Plaintiff was qualified for his position.

20. Upon information and belief, Plaintiff was treated less favorably because of his race than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

21. Plaintiff also suffered an adverse employment action when he was constructively discharged from his position at MDI. While Mr. Rankin resigned from his employment on his own volition, he is able to show that the conditions of his employment were such that his resignation amounted to constructive discharge. In fact, Mr. Rankin felt forced to resign as a result of the racial discriminatory conduct exhibited towards him, and his fear of future (and potentially worse) discriminatory acts that he faced from his coworkers.

22. Plaintiff feared for his safety by virtue of his co-workers' conduct and the employer's unwillingness to correct or redress the discriminatory conduct.

23. Mr. Thomas is entitled to damages from Defendant under Title VII, including:
    a. back pay, including wages and salary, overtime, and benefits;
    b. reinstatement, or front pay;
    c. non-economic and other compensatory damages, including physical pain and suffering and mental anguish;

    d. past and future medical expenses;

    e. punitive damages;

    f. pre-judgment interest;

    g. Costs;

    h. attorney fees.

## SECOND CAUSE OF ACTION:  42 U.S.C. § 1981 - RACIAL DISCRIMINATION AND RETALIATION

24. All foregoing allegations are incorporated herein by reference.

25. 42 U.S.C. § 1981 prohibits race discrimination in the making and enforcing of employment contracts.

26. Section 1981 claims are analyzed under the same framework as Title VII race discrimination and retaliation claims.

27. As a direct and proximate cause thereof, Plaintiff suffered damages and therefore requests that he be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendant complained of herein violate Section 1981, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorney's fees, expenses, costs, and all other and further relief as to this Court appears necessary and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in favor of Plaintiff and against Defendants, as follows:

1. Back pay, including wages and salary, overtime, and benefits;

2. Reinstatement, or front pay;

3. Other compensatory damages including those for emotional and physical injuries;

4. Medical expenses past and future;

5. Lost wages, past and future;

6. Pre-judgment interest;

7. Punitive damages;

8. Attorney's fees and costs.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

**SANGISETTY LAW FIRM, LLC**
*/s/ Ravi Sangisetty*
Ravi K. Sangisetty, BAR NO. 30709
3914 Canal Street
New Orleans, Louisiana 70119
Telephone:      504-662-1016
Facsimile:       504-662-1318
rks@sangisettylaw.com
ATTORNEYS FOR PLAINTIFF

****SERVICE WILL BE ACCOMPLISHED THROUGH WAIVER**